Curia, per

O’Neall, J.
This Court is satisfied with the decision below; and only deem it necessary, in answer to the grounds of appeal, to give construction to the 30th section of the Act of 1839, (11 Stat. 31) in the particulars to which they make objection ; and in connection therewith, to explain the case of Robinson & Caldwell vs. Simpson, (3 Strob. 161.)
It is first assumed by the appeal, that the schedule of the prisoner must be filed, and an assignment made, before notice can be given by the sheriff to the creditor to pay, or give security to pay, the maintenance of the prisoner. This is a construction *326 Altogether imaginary; for the plain reading of the Act shews, that the sheriff was to give the notice; then, if the creditor refused or neglected to pay, or give the security, the sheriff was authorized to discharge the prisoner; provided, however, that such prisoner shall, before he is discharged, render, on oath, a schedule of all his estate, and assign the same.” Language cannot be plainer; and it is only necessary to read it, to know that after the notice has expired, and the creditor has failed to pay, or give security to pay, the maintenance of the prisoner, he (the prisoner) may file his schedule on oath, and assign the same, and on doing so, the sheriff may discharge him. The 30th section of the Act of 1839 is an Act for the benefit of the sheriff. It was intended very properly to protect him from keeping and maintaining a prisoner who was unable to pay for his maintenance, when the plaintiff after reasonable notice (ten days) failed to pay, or to give security to pay. To discharge a prisoner under such circumstances is not giving him the benefit of the insolvent debtors or prison bounds Act, but is protecting the sheriff against the parsimony of a plaintiff, who, to gratify his cruelty, would hold a man in bonds, but wish another to feed him. The case of Robinson & Caldwell vs. Simpson never was intended to lay down any such rule as that supposed by the 3d ground. Indeed there is not a word in it which justifies any such supposition. It was the first time the Act had been attempted to be applied; the prisoner had been convicted of fraud, and was therefore excluded from the benefit of the prison bounds and insolvent debtors Acts; and the Judge below thought he could not be discharged under the 30th section of the Act of 1839. The Court of Appeals, in reversing his decision, thought, in the particular case, it would be well to give the creditors a fresh notice, and accordingly the case so directed. But that was not intended to be a rule, in future, for all cases. That case settled the construction of the Act, and after it, no creditor could be taken advantage of, by supposing that the sheriff could not discharge the prisoner.
The other grounds of appeal may be answered, by saying *327 that the sheriff never waived his noticé; that the plaintiff had, in the first place, near a year to pay, or give security, and in the second place, he had another notice of ten days from the 4th to the 14th of May; for on the 4th he had notice of the motion to discharge, and on the 14th it was granted.
The motion to reverse the decision below is unanimously dismissed.
Evans, Wardlaw, Frost, Withers and Whitner, 33., concurred.

Motion dismissed.